## IN RE INVESTIGATORY GRAND JURY NO. 2004-01

Superior Court, Judicial District of Fairfield

Memorandum filed April 24, 2006

FASANO, SILBERT and C. TAYLOR, Js. Following an application by the office of the chief state's attorney, the investigatory grand jury panel authorized the appointment of an investigatory grand jury pursuant to General Statutes §§ 54-47b through 54-47h. The chief court administrator thereupon appointed *Hon. Joseph A. Licari, Jr.*, as the investigatory grand juror. On January 3, 2006, Judge Licari issued a preliminary report in

which he found probable cause with respect to six individuals and one corporate entity. They have subsequently been arrested and charged with having committed certain crimes. Two of the defendants have already filed requests for disclosure, and the prosecuting authority anticipates that the remaining defendants will soon file similar motions.

The office of the chief state's attorney has filed this application for disclosure of investigatory grand jury materials pursuant to General Statutes § 54-47g in order to permit it to respond fully to the defendants' motions for disclosure. It points out that it is obligated to provide certain material to the defendants under General Statutes §§ 54-86a, 54-86b and 54-86c, Practice Book § 40-1 et seq. and *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), but it feels that it is also obliged to seek this panel's approval before providing the information because of the secrecy afforded to grand jury proceedings under § 54-47g (a), which provides that any portion of the record not disclosed with the grand juror's finding shall remain sealed, "[e]xcept as otherwise provided in this section" or upon motion, after a majority vote of the panel in favor of disclosure, after a hearing held in accordance with § 54-47g (c).

This panel[1] scheduled such a hearing to be held in the judicial district of Fairfield at Bridgeport on April 20, 2006, at 3 p.m., and it caused notice of that hearing to be sent in accordance with the statute to the chief state's attorney's office and to all those arrested as a result of the investigatory grand juror's finding of probable cause, as well as to all those who had appeared before the grand jury. A representative of the chief

---

[1] *Hon. Roland D. Fasano, Jr.,* is the chair of the panel, and *Hon. Carl E. Taylor* is a regular member of the panel. Because the other regular member, *Hon. Joseph A. Licari, Jr.,* was the investigatory grand juror in the present case, *Hon. Jonathan E. Silbert,* the alternate member of the panel, was designated to sit as the third member of this panel.

state's attorney and counsel for one of the defendants appeared at the hearing in support of the application. The judicial branch received two letters of objection from persons who neither wished to be named nor to attend the hearing, citing their having been promised that the proceedings before the investigatory grand jury would remain confidential.[2]

This panel has had two other occasions over the course of the past year to consider issues relating to the disclosure of the records of an investigatory grand jury. The first of these, *In re Investigatory Grand Jury Panel No. 2003-1*, Superior Court, judicial district of Fairfield (May 4, 2005), involved a request by, inter alia, the Hartford Courant for disclosure of records of an investigatory grand jury, which concluded with no findings of probable cause. Although the context in that case was quite different from this one,[3] we had occasion,

[2] Although establishing procedures for grand jury investigations is not a part of this panel's mandate, we feel obliged to mention that this is not the first time that we have seen objections to disclosure from witnesses who felt that they had been promised "confidentiality." Because these individuals are no more willing to reveal their identities by appearing in person at hearings such as this than they are to have their testimony disclosed, we have no way of evaluating the nature or extent of the promises, if any, that might have been made to them in advance of their testimony. We note, however, that these problems could easily be obviated if the investigatory grand juror, prior to taking each witness' testimony, made an on the record statement of the nature of investigatory grand jury proceedings, including, inter alia, the circumstances under which the witness' identity or testimony could become subject to disclosure.

[3] In *In re Investigatory Grand Jury Panel No. 2003-01*, supra, Superior Court, the applicants were members of the press, and the grand juror had found no probable cause for the arrest of any individual. Moreover, although the chief state's attorney, who had requested the appointment of an investigatory grand jury, had no objection to the disclosure, many of those who appeared before the grand juror did object, citing promises of confidentiality that had been made to them at the time of their testimony and potential damage that could be done to them were their testimony and identities revealed. This panel concluded that the applicants had neither articulated a particularized need for disclosure of the requested materials nor proffered evidence of any improprieties alleged to have occurred during the course of the grand jury investigation. This panel concluded that the mere fact that

in the course of our opinion denying disclosure, to refer to our Supreme Court's decision in *State* v. *Rivera*, 250 Conn. 188, 736 A.2d 790 (1999). In that case, the court determined that pursuant to § 54-47g (a), the prosecution has the right of access to the record of testimony from investigatory grand jury proceedings without the need for a request for a hearing before the grand jury panel. Based on that right of access, prosecutors were entitled to make use of the materials so obtained in any way that was consistent with their duties regarding the prosecution of crimes.

The second case was *In re Investigatory Grand Jury No. 2004-02*, Superior Court, judicial district of Fairfield (January 12, 2006), in which attorneys for defendants who had been arrested as a result of an investigatory grand juror's finding of probable cause asked the panel to order the prosecuting authority to disclose the same sorts of material the prosecuting authority now seeks leave to disclose in this case. We concluded that although *Rivera* concerned the question of whether the state could introduce, as part of its case-in-chief, the investigatory grand jury testimony of a person subsequently arrested as a result of the investigation, there was no reason why the reasoning in that case did not also compel the prosecution to provide to the defense all portions of the grand jury record that fell within those categories of materials that are normally subject to disclosure in criminal cases, as such disclosure is very much a part of the prosecutorial function. Thus, we conclude in this case that just as disclosure was appropriate when requested by those arrested as a result of an investigatory grand juror's findings, it is

the public would be very interested in the subject matter of the grand jury investigation was not sufficient to overcome either the reasons for the traditional secrecy that cloaks grand jury proceedings or the provisions regarding such secrecy contained in Connecticut's statutory grand jury system.

likewise appropriate when it is the prosecuting authority that is seeking leave to provide such material to the defense.

We also see no reason why in the future, requests for this sort of material, which is within the investigatory grand jury record and in the prosecuting authority's possession, need to be directed in the first instance to this panel. Given the clear directive of *Rivera* and the undisputed fact that the prosecutorial function includes disclosure to the defense of the sorts of materials that are the subject of this application, defendants should feel free to request, and prosecutors should feel free to provide, any such material contained within those records to which the prosecution has a statutory right of access without first seeking leave from this panel. Any disputes about the nature or extent of the disclosures may be addressed to the trial court. As we pointed out in *In re Investigatory Grand Jury No. 2004-02*, supra, Superior Court, the trial court has before it the entire case file and has the authority to order disclosure, to review materials in camera if necessary and to preserve sealed records for appellate review in cases where disclosure is not ordered.

Because we have concluded that under *Rivera* and our prior decisions, the prosecution has the right of access to the record of *In re Investigatory Grand Jury No. 2004-1*, and in light of the prosecuting authority's obligation to turn over to the defense material falling within the ambit of §§ 54-86a, 54-86b and 54-86c, Practice Book § 40-1 et seq. and *Brady* v. *Maryland*, supra, 373 U.S. 83, the application for disclosure in this case is granted. As we did in *In re Investigatory Grand Jury No. 2004-02*, supra, Superior Court, however, we note that any disclosure of grand jury material must take into account the fact that *Rivera* authorizes disclosure only for the purposes of the pending criminal case so that any discovery ordered by the trial court pursuant

to a defense request should be accompanied by a protective order that proscribes the use of this material for any other purpose and also prevents disclosure of the material to any persons other than persons engaged by the defense (e.g., investigators, experts, etc.) for defense purposes, without prior approval of the court.